IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BLR GROUP OF AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-579C |
| | ) | (Chief Judge Damich) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant, the United States, respectfully replies to plaintiff's response to our motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of this Court ("RCFC"). Plaintiff, BLR Group of America, Inc. ("BLR"), has failed, in its response, to establish that this Court possesses jurisdiction to entertain its complaint that the United States issued a false and prejudicial performance evaluation. Therefore, the Court should dismiss BLR's complaint.

ARGUMENT

I. This Court Does Not Possess Jurisdiction To Entertain BLR's Complaint Pursuant To The Contracts Disputes Act, Because BLR Has Not Submitted A "Claim" To The Contracting Officer

In its response to our motion to dismiss, BLR failed to refute our argument that it has not submitted a "claim" to the contracting officer, therefore, this Court does not possess jurisdiction to entertain its complaint. In its response, BLR appears to allege that it is entitled to a different performance evaluation based upon the Department of Defense's Contracting Performance Assessment Reporting System Policy Guide, which indicates that the evaluation process is "supposed to be conducted in a manner that will 'ensure accurate data on contractor

performance.'" Pl. Resp. 2, 5.[1] BLR's citation to a Department of Defense policy guide highlights that fact that it was not seeking relief that it was entitled to pursuant to the contract, as a "matter of right," but rather, was claiming that the United States Air Force ("Air Force") failed to follow Department of Defense internal policy guidance. BLR has still failed to cite a single contractual provision entitling it to a performance evaluation or any specific performance evaluation. Since the policy guide was not incorporated into the contract, BLR has no contractual right to have the agency follow that policy guide. The agency could rescind the policy guide at anytime.[2]

BLR's reliance upon a policy guide only serves to highlight the nature of its claim as an administrative matter, rather than a claim pursuant to the Contract Disputes Act ("CDA"). As the Armed Services Board of Contract Appeals correctly held in In re TLT Construction Corp., a "performance evaluation under a contract is an administrative matter not a Government claim, and a contractor's request that contractor change an evaluation is not a contractor claim." ASBCA No. 53,769, 02-2 BCA ¶ 31,969 (Aug. 26, 2002) (citing G. Bliuzius Contractors, Inc., ASBCA No. 42,365, 92-1 BCA ¶ 24,605, 122,751 (Nov. 22, 1991)) (emphasis added). As we explained in our motion to dismiss, the boards have consistently held that they do not possess jurisdiction to amend or rescind performance evaluations.[3] Def. Mot. 5-6.[4]

---

[1] "Pl. Resp. __" refers to the page numbers in BLR's opposition to the Government's motion to dismiss, filed on December 12, 2007.

[2] As BLR itself noted in its response, the other document BLR relies upon, the Office of Federal Procurement Policy Letter 92-5 (Dec. 30, 1992), was rescinded in March 2000, over six years before BLR was awarded the contract at issue. Id.

[3] BLR's argument that its complaint to the Reviewing Official regarding the manner in which its performance evaluation was displayed in the Naval Sea Logistics Center's Past Performance Information Retrieval System ("PPIRS database") is a claim pursuant to the CDA is

BLR's primary argument that it filed a CDA "claim" is that the Court should follow its decision in Record Steel and Constr., Inc. v. United States, 62 Fed. Cl. 508 (2004), upon the basis of "stare decisis." Pl. Resp. 9. While Record Steel is factually distinguishable from the instant case, we also respectfully submit that it was wrongly decided. First, we note that, contrary to the implications of BLR's argument, decisions of this Court are not binding upon this Court in separate and distinct cases, West Coast Gen. Corp. v. Dalton, 39 F.3d 312, 315 (Fed. Cir. 1994) ("Court of Federal Claims decisions, while persuasive, do not set binding precedent for separate and distinct cases in that court.") (citation omitted), and Judges of this Court are not bound by decisions of other Judges on this Court. U.S. PolyCon Corp. v. United States, 43 Fed. Cl. 11, 13 (1999) ("Two of the cases cited by defendant were decided by other judges of this court and thus do not constitute binding precedent.") (footnote omitted). Therefore, this Court need not follow Record Steel.

This Court should not follow Record Steel because it is contrary to Federal Circuit precedent and longstanding interpretations by the boards of contract appeals of what constitutes a "claim." As we noted in our motion to dismiss, the Federal Circuit has held that Congress intended the 1992 amendments to the Tucker Act, which gave this Court jurisdiction to entertain certain non-monetary claims pursuant to the CDA, to give the Court of Federal Claims

---

completely untenable. First, BLR has not pointed to any contract provision that gives it the right to have its performance evaluation displayed in a certain manner. Second, as BLR correctly noted in its complaint, the PPIRS database is controlled by the Naval Sea Logistics Center, not the contracting officer. Compl. 1. The contracting officer cannot make a decision regarding a system she does not control. BLR is challenging the manner in which the Naval Sea Logistics Center displays performance evaluations, which cannot possibly be construed as a CDA claim.

[4] "Def. Mot. __" refers to the page numbers in the Government's motion to dismiss, filed on November 14, 2007.

"jurisdictional parity" with the boards of contract appeals. Alliant Techsystems, Inc. v. United States, 178 F.3d 1260, 1269-70 (Fed. Cir. 1999) (citation omitted). Both before and after the 1992 amendments to the Tucker Act, the boards have consistently held that they do not possess jurisdiction to entertain challenges to performance evaluations because they are not claims pursuant to the CDA. TLT, 02-2 BCA ¶ 31,969; G. Bliuzius, 92-1 BCA ¶ 24,605.

BLR argues that the Alliant court "did not subject the Federal Circuit to the authority of the boards of contract appeals." Pl. Resp. 8. While the Federal Circuit may not have bound itself to the jurisdictional decisions of the boards of contract appeals, it did hold that, by amending the Tucker Act in 1992 to give this Court jurisdiction over certain non-monetary disputes, Congress intended this Court and the boards to possess jurisdiction to entertain the same types of CDA claims. See Alliant, 178 F.3d at 1269-70 (citation omitted); cf. Garrett v. General Elec. Co., 987 F.2d 747, 749 (Fed. Cir. 1993) ("One primary purpose of the CDA . . . is to achieve parity between the jurisdiction of the United States Court of Federal Claims and the boards. The CDA has as one of its purposes the elimination of differences in the jurisdictions of the forums which decide Government contract disputes.") (citation omitted). Because the boards have consistently and correctly held that a challenge to a performance evaluation is not a CDA claim, both before and after the 1992 amendments to the Tucker Act, and the Federal Circuit has held that Congress intended the boards and this Court to have "jurisdictional parity," the Record Steel Court erred in rejecting the precedent of the boards of contract appeals.

Furthermore, the Record Steel Court failed to identify any contractual provisions giving the contractor a right to a specific performance evaluation, therefore, the contractor's challenge to its performance evaluation was not "as a matter of right." Unless a contract contains

provisions giving the contractor a right to a certain type of performance evaluation, a challenge to a performance evaluation cannot be a CDA "claim" and this Court does not possess jurisdiction to entertain such a complaint.

Even if this Court does find Record Steel persuasive, it is still distinguishable because, as we noted in our motion to dismiss: 1) Record Steel was decided pursuant to different regulations, which required the agency to issue a performance evaluation; and 2) the issues in dispute were different in Record Steel. Def. Mot. 6-7. Regarding our argument that the Air Force's issuance of a performance evaluation was discretionary, rather than required by regulation, BLR stated that once "the Air Force conducted the CPAR, BLR was entitled to a fair and accurate evaluation." Pl. Resp. 7. However, BLR provided no support for this statement, nor did BLR explain how it was entitled to a "fair and accurate evaluation" as a matter of right.[5]

Regarding the second ground upon which Record Steel is distinguishable, in its response, BLR characterizes our argument as stating that this Court only possesses jurisdiction to entertain nonmonetary claims that derive from monetary claims. Pl. Resp. 7. This is a mischaracterization of our argument. What the Government actually argued was that, in Record Steel, "the crux of the parties' dispute is whether the contract at issue required over-excavation."

[5] BLR's argument in footnote 2 of its response is without merit. The Government is not arguing that BLR is not entitled to judicial review of its performance evaluation. The Government is arguing that this Court does not possess jurisdiction to entertain plaintiff's complaint because plaintiff's challenge to the performance evaluation is not a CDA claim. Regardless of whether BLR could challenge its performance evaluation in another forum, the United States is immune from suit unless it expressly consents to be sued. United States v. Testan, 424 U.S. 392, 399 (1972). Therefore, the Government has not violated "due process" simply because it did not consent to be sued for a particular claim. In any event, this Court does not possess jurisdiction to entertain claims based upon the Due Process Clause of the United States Constitution. LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995).

Def. Mot. 7 (quoting Record Steel, 62 Fed. Cl. at 510-11). Here, the "crux of the parties dispute" is not a contract term, but rather, whether one of the Quality Assurance Personnel was biased and the quality of BLR's deliverables. Therefore, even if the Court construed Record Steel to narrowly hold that a contractor's challenge to a performance evaluation can be a CDA claim when the contractor claims that the agency misinterpreted contractual provisions, this Court should still dismiss most, if not all, of plaintiffs allegations because they are not allegations that the Air Force misinterpreted a contract term. However, even construed this narrowly, Record Steel was still wrongly decided, because, as noted above, the boards of contract appeals have consistently held that a challenge to a performance evaluation is an administrative matter, not a CDA contract claim, and the Record Steel Court did not find any contractual provisions giving the contractor the contractual right to a specific performance evaluation.

Therefore, because BLR's challenge to its performance evaluation was not a "claim" pursuant to the CDA, this Court should dismiss its complaint.

III. This Court Does Not Possess Jurisdiction To Entertain BLR's Complaint Pursuant To The CDA Because The Contracting Officer Has Not Issued A Final Decision

In its response, BLR argues that the Air Force's decision to issue BLR's final performance evaluation and the "decision" not to remove the original performance evaluation from the PPIRS database are "final decisions" pursuant to the CDA simply because they are final, even though they do not contain any of the elements of a final decision pursuant to 41 U.S.C. § 605 and 48 C.F.R. § 33.211(a)(4). Pl. Resp. 10-11. In support of this argument, they cite case law indicating that a final CDA decision need not contain the standard language announcing a final decision. Id. BLR's argument misapprehends the Government's argument.

The reason the final performance evaluation and “decision” not to remove the original performance evaluation from the PPIRS database are not final decisions pursuant to the CDA is not because they lack some formal language, but because the evaluation was not conducted in response to provisions of the contract, but rather Department of Defense policy. Thus, the final performance evaluation inherently will not reflect any characteristic of a contracting officer final decision, nor any other aspect of a contract dispute pursuant to the CDA, which is why this Court is without jurisdiction to consider BLR’s requests regarding BLR’s final performance evaluation.

BLR’s suggestion that the “decision” not to remove the original performance evaluation from the PPIRS database is a “final decision” pursuant to the CDA highlights the lack of merit in their argument. BLR has not presented any evidence that a “decision” was actually made. BLR merely attached a March 7, 2007, two-sentence e-mail to the Reviewing Official requesting that he remove the original performance evaluation from the “Contractor’s Comments” section of the PPIRS version of the performance evaluation. Pl. Resp. Exh. D.

Furthermore, a lack of action by the contracting officer upon BLR’s alleged claim is not a “deemed denial” pursuant to the CDA, because BLR has not alleged that they ever requested a final decision within 60 days. “Any failure by the contracting officer to issue a decision on a contract claim <u>within the period required</u> will be deemed to be a decision by the contracting officer denying the claim and will authorize the commencement of the appeal or suit on the claim . . .” 41 U.S.C. § 605(c)(5) (emphasis added). “A contracting officer shall issue a decision on any submitted claim of $100,000 or less within 60 days from his written receipt of a <u>written request from a contractor that a decision be rendered within that period</u>.” 41 U.S.C. § 605(c)(1)

(emphasis added). Because BLR did not request that the contracting officer issue a final decisions upon its "claim" within 60 days of the e-mail, there was no "deemed denial."[6]

CONCLUSION

For the foregoing reasons, and the reasons set forth in our motion to dismiss, the Court should dismiss BLR's complaint.

[6] In Dalton v. Cessna Aircraft Co. v. United States, the Federal Circuit noted that if "'the contracting officer has failed to issue a final decision on the contractor's claim or to notify the contractor of the time within which a decision will be issued, and at least 60 days have passed since the date the claim was submitted for a decision,' 41 U.S.C. § 605(c)(5) (1994), then the claim is 'deemed denied . . .'" 98 F.3d 1298, 1302, n.2 (Fed. Cir. 1996) (citation omitted). However, this statement appears to have misquoted 41 U.S.C. § 605(c)(5). The accurate relevant language in 41 U.S.C. § 605(c)(5) is quoted above. In any event, this statement was merely dicta as it appeared in a footnote in the facts section of the decision, after the court indicated that the appellee filed an appeal with a board of contract appeals because the contracting officer had not made a decision yet. Dalton, 98 F.3d at 1302. There was no jurisdictional issue before the Federal Circuit in Dalton.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Todd M. Hughes

TODD M. HUGHES
Deputy Director

/s/ William P. Rayel

WILLIAM P. RAYEL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0302
Facsimile: (202) 307-0972

January 2, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 2nd day of January, 2007, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

/s/ William P. Rayel