# In the United States Court of Federal Claims

No. 07-579 C
(Filed: June 25, 2008)

************************************
BLR GROUP OF AMERICA, INC., *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
************************************

**ORDER**

Presently before the court in the above-captioned case is defendant's motion to dismiss. The court has reviewed the parties' briefs, and is close to issuing a decision. However, the court requires additional information from defendant before it can rule. Thus, by **no later than Friday, July 11, 2008**, defendant shall provide the following information:

- Defendant shall describe, with particularity, the steps taken by the government to post a Contractor Performance Assessment Report ("CPAR") onto the Past Performance Information Retrieval System. Defendant shall include in its description the identity of the individual or individuals responsible for providing the CPAR to the Naval Sea Logistics Center ("Center") and the details of any review process undertaken by the Center prior to posting. Defendant shall cite all applicable statutes, regulations, and rules that bear on the posting process, including, but not limited to, the applicable regulations and rules of the Department of Defense, the United States Air Force, the Center, and any other relevant executive branch agency.

- Defendant shall describe, with particularity, the process available to contractors who wish to contest a performance evaluation, both at the agency level and above. Defendant shall cite all applicable statutes, regulations, and rules that bear on the process, including, but not limited to, the applicable regulations and rules of the Department of Defense, the United States Air Force, Center, any other relevant executive branch agency, and the Armed Services Board of Contract Appeals.

- In footnote 5 of its reply brief, defendant asserts that it "is not arguing that BLR is not entitled to judicial review of its performance evaluation" but is instead arguing that judicial review is not available in the Court of Federal Claims. Defendant shall identify the judicial forum that has the authority to exercise jurisdiction over plaintiff's complaint. If defendant believes that plaintiff's complaint should be before a federal district court, defendant shall address whether transfer pursuant to 28 U.S.C. § 1631 is appropriate.

If plaintiff wishes to provide a response to defendant's submission, it may do so **no later than Friday, July 25, 2008**.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge