IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BLR GROUP OF AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-579 C |
| | ) | (Judge Sweeney) |
| THE UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

**BLR GROUP'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING DEFENDANT'S MOTION TO DISMISS**

Pursuant to the Court's June 25, 2008 Order, Plaintiff BLR Group of America, Inc. hereby responds to the Supplemental Brief filed by Defendant the United States of America (hereinafter, the "Air Force"). In its Order, the Court directed the Air Force to address three issues: (1) the steps taken by the government to post a Contractor Performance Assessment Report ("CPAR") onto the Past Performance Information Retrieval System ("PPIRS"); (2) the process available to contractors who wish to contest a performance evaluation, both at the agency level and above; and (3) the appropriateness to potential transfer, including the judicial forum that has authority to exercise jurisdiction over BLR Group's claims.

In its Supplemental Brief, the Air Force listed the technical procedures by which it enters its evaluation into the electronic form and set forth steps that are to be offered to a contractor to challenge a CPAR. The Air Force also suggested that transfer would not be appropriate because BLR Group has not stated a claim under the Administrative Procedures Act ("APA") and lacks standing to challenge its own CPAR. But the Air Force's Supplemental Brief ignores several important facts:

- First, the Air Force ignores the confusing and prejudicial manner in which BLR Group's evaluation was actually published in PPIRS.

- Second, the Air Force ignores the essential purpose of the CPAR system, which is to provide an objective evaluation—with input from the contractor—that ensures accurate data is reported on the contractor's performance. BLR Group's challenge of its CPAR at the agency was not heard by objective ears, nor was BLR Group's input considered by the Air Force when it finalized the CPAR.

- Third, the Air Force fails to consider the Court's discretion to grant BLR Group leave to amend its Complaint to correct any deficiencies before transferring this matter pursuant to 28 U.S.C. § 1631.[1] Such a transfer serves the interests of justice by affording BLR Group a forum to address its claims against the Air Force while avoiding unnecessary delay and expense.

Notwithstanding the above, and as asserted in BLR Group's Complaint and its Opposition to Defendant's Motion to Dismiss, this Court has subject matter jurisdiction over this case. The Air Force's refusal to grant any of BLR Group's requested material changes to the CPAR and its publication in the PPIRS database over BLR Group's objections present valid claims for non-monetary relief under the Tucker Act and the Contract Disputes Act. The Court should follow its precedent set in Record Steel and Const., Inc. v. United States, 62 Fed. Cl. 508 (2004), and review BLR Group's claims against the Air Force on the merits.

## ARGUMENT

### I. The Air Force fails to explain how the CPAR is actually posted in PPIRS.

The Air Force emphasizes the technical procedures by which it enters the evaluation into the electronic form that is ultimately copied into the PPIRS database. The Air Force suggests that its evaluation process is simply a matter of clicking certain buttons on the Naval Sea Logistics Center's website. The Air Force's explanation of these procedures, however, ignores how the PPIRS database actually displays the evaluation.

The issue before the Court is whether the CPAR, as displayed in the PPIRS database, is prejudicial to BLR Group. The CPARS Guide for the Department of the Air Force, dated March

[1] BLR Group agrees with the Air Force that the United States District Court for the Southern District of Illinois would be the most logical forum to transfer the case.

2006, provides the CPAR form and the instructions for completing it.[2] See Ex. A at Att. 3. That form has three clear text boxes to provide: (1) the Assessing Official's narrative (Block 20); (2) the Contractor's comments, which are optional (Block 22); and (3) the Reviewing Official's review, which are also optional (Block 24). Id.

BLR Group's chief concern regarding the physical publication of its CPARS evaluation in the PPIRS database is that its comments are not displayed until the Assessing Official's report is actually displayed twice. See Compl. at ¶¶ 51-53. The Assessing Official's modified narrative is displayed in Block 20 of the CPAR. As noted below, the modified narrative failed to consider BLR Group's comments, which established numerous material errors, and instead made only three non-substantative edits. Thus, the modified narrative is essentially identical to the original narrative. The Air Force then inserted the Assessing Official's original narrative, despite recognizing a few of its errors, under the section reserved for the contractor's comments in Block 22. BLR Group's comments do not appear until after the recitation of the original narrative, and they follow the original narrative as though they are a part of it.

After BLR Group was provided a copy of the final CPAR published in the PPIRS, it made a claim against the Reviewing Official to have its evaluation displayed in less confusing and prejudicial manner. Compl. at ¶ 54. The Air Force denied this claim because the Reviewing Official refused to make any correction. *Id*. Thus, judicial review of this claim is appropriately before this Court under the Contract Disputes Act and Record Steel.

BLR Group also notes that the Air Force failed to identify all individuals responsible for providing the CPAR to the Naval Sea Logistics Center, as requested by the Court in its June 25

---

[2] Relevant pages of the CPARS Guide are attached hereto as Exhibit A. A copy of the complete CPARS Guide was attached to Defendant's Supplemental Brief as Att. 1.

Order. While the Air Force identified Eric Hassenplug as the Reviewing Official, it left out the fact that Ms. Jo Brown-Leiker, the Quality Assurance Personnel for BLR Group's contract with the Air Force, served as the Assessing Official Representative and Ms. Nancy Kreke served as the Assessing Official.[3] The Quality Assurance Personnel's involvement in the evaluation of BLR Group's performance is an important factor in determining whether the Air Force provided an objective evaluation of BLR Group's performance. Even before the Air Force began the CPAR process, BLR Group recognized Ms. Brown-Leiker's lack of objectivity and impartiality in evaluating BLR Group's performance and requested that a new QAP be assigned. See Compl. at ¶ 40. The Air Force did not respond to BLR Group's concerns, and Ms. Brown-Leiker prepared the narrative and ratings for BLR Group's CPAR. Id. at ¶ 41.

## II. The Air Force fails to explain that the purpose and intent of the CPAR is to ensure an objective and accurate evaluation that includes input from the contractor.

The Air Force next explains the process for challenging a CPAR. While the Air Force identifies the technical steps a contractor can take to challenge the initial evaluation prepared by the Assessing Official; in practice, BLR Group was not afforded a meaningful opportunity to contest the findings of the Assessing Official and the Assessing Official Representative.[4]

The Court must first understand the purpose and intent of the CPAR to better understand BLR Group's claims. According to the CPARS Guide:

> The primary purpose of the CPARS is to ensure that accurate data on contractor performance is current and available for use in source selection through the [PPIRS]. …

---

[3] The Air Force stated that the contracting officer was the Assessing Official for this CPAR, but it did not identify her as Nancy Kreke. See Defendant's Supplemental Brief, at 5 n.4.

[4] The Air Force argues that there is no requirement that the contracting officer perform the duties of the Assessing Official, Assessing Official Representative, or the Reviewing Official. Yet, that is what happened here. As noted, the Assessing Official Representative's involvement in the CPAR evaluation process, despite BLR Group's concerns regarding her objectivity, raises serious questions as to the objectivity of the CPAR.

> The CPAR assesses a contractor's performance and provides a record, both positive and negative, on a given contract during a specified period of time. Each assessment must be based on objective data (or measurable, subjective data when objective data is not available) supported by program and contract management data, such as cost performance reports, customer comments, quality reviews, …. Subjective assessments concerning the cause or ramifications of the contractor's performance may be provided, however, speculation or conjecture must not be included.

Ex. A at 1. Moreover, the Air Force must involve the contractor in completing the CPAR. The CPARS Guide provides that the "opportunity to review/comment on the CPAR by the designated Government and contractor personnel together makes a complete CPAR." Id. at 2. In addition to the right to make written comments to the Assessing Official's evaluation, the contractor has the right to request a meeting to discuss the evaluation. Id. at 9. This follows the FAR's requirement that agencies give contractors a minimum of 30 days to submit comments, rebutting statements, or additional information. See 48 C.F.R. § 1503(b). This requirement, however, is rendered meaningless if the Air Force does not objectively consider the contractor's comments in finalizing the CPAR.

A review of the facts alleged in the Complaint demonstrates that the Air Force did not perform an objective evaluation of BLR Group's performance. On January 9, 2007, the BLR Group met with the Air Force to discuss the original CPAR prepared by the Assessing Official. Compl. at ¶ 46. During the meeting, BLR Group rebutted many of the false claims in the evaluation with substantive proof, but the Air Force provided little information in return and refused to answer BLR Group's questions. Id. Moreover, the Air Force did not even respond to written questions that BLR Group submitted at the request of the Assessing Official following the meeting. Id. at ¶ 47. On or about January 12, 2007, BLR Group submitted its written comments that identified a number of errors contained in the initial CPAR. Id. at ¶ 48.

Despite BLR Group's presentation at the meeting and its submission of written comments demanding the CPAR be corrected, the Air Force did not make any substantative edits to the original Assessing Official's narrative. Instead, it made only three insignificant edits changes and then entered a slightly modified narrative into the CPAR. A reading of the modified narrative is practically indistinguishable from the original narrative. The Reviewing Official denied BLR Group's claim that the CPAR be corrected by signing and finalizing the CPAR without making any additional changes. As the Court found in Record Steel, this constitutes a valid claim subject to review under the Contract Disputes Act.

**III. If the Court finds it does not have subject matter jurisdiction, the Court should transfer this case.**

BLR Group seeks declaratory and injunctive relief to require the Air Force to correct or delete the defective evaluation at issue in this case. BLR Group properly appealed the Air Force's final decision to not modify, or otherwise delete, the CPAR. This Court possesses subject matter jurisdiction over this matter pursuant to the Tucker Act, 28 U.S.C. § 1491, et seq. and the Contract Disputes Act, 41 U.S.C. § 601, et seq. See Record Steel, 62 Fed. Cl. at 518-21. Thus, BLR Group respectfully requests that the Court deny the motion to dismiss and address this matter on the merits.

The Court, however, asked the Air Force to comment on whether the Court should transfer this matter to an appropriate court if it does not possess subject matter jurisdiction. The Air Force suggests that transfer is not appropriate because BLR Group does not have standing and otherwise has failed to state a claim for relief pursuant to the Administrative Procedures Act ("APA"). This is a specious argument as BLR Group has not yet asserted a claim under the APA. If the Court should find that it does not have subject matter jurisdiction over BLR Group's

claims, BLR Group respectfully requests that the Court allow it to amend its Complaint to assert a claim under the APA before ruling on whether transfer would be appropriate.

When a court finds that it lacks jurisdiction to hear a case, it must consider whether transfer will cure the defect. See Texas Peanut Farmers v. United States, 409 F.3d 1370, 1374-75 (2005) (highlighting the "statutory requirement that transfer be considered to cure jurisdictional defects"). Transfer of the case is preferred over dismissal. See Edelmann v. United States, 76 Fed. Cl. 376, 384 (2007) ("[T]he transfer statute's use of the phrase 'shall transfer' 'persuasively indicates that transfer, rather than dismissal, is the option of choice.'") (quoting Matthews v. United States, 72 Fed. Cl. 274, 280 n. 9 (2006)). Transfer under 28 U.S.C. § 1631 is appropriate when three elements are met: "(1) the transferring court lacks subject matter jurisdiction; (2) the case could have been filed in the court receiving the transfer; and (3) the transfer is in the interests of justice." Brown v. United States, 74 Fed. Cl. 546, 550 (2006).

Of course, if the Court finds that it lacks subject matter jurisdiction (which of course BLR Group contests), then the first element is met. In considering the second element, it is proper for the Court to consider possible amendments to the plaintiff's complaint to determine whether the case could have been filed in the court receiving the transfer. Under R. Ct. Fed. Cl. 15(a), a party may amend a pleading with leave of the court or written consent of the adverse party. Rule 15(a) affirms that "leave shall be freely given when justice so requires." In Millican v. United States, No. 05-1330C, 2006 WL 5640829 (Fed. Cl. Aug. 24, 2006), this Court allowed the plaintiff to amend his complaint to assert a claim under the APA prior to transferring the case to the federal district court. Following the Government's motion to dismiss for lack of subject matter jurisdiction, the plaintiff filed a motion to amend his complaint to state a claim under the APA, as well as a motion for transfer. Millican, 2006 WL 5640829, at *4-*5. Finding that the

amended complaint would state a valid claim under the APA, the Court held that the second element of 28 U.S.C. § 1631 was satisfied. Id. at *12.

The APA provides for federal district court review of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Two conditions must be satisfied for an agency action to be final. "First, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." Sierra Club v. United States Army Corps of Eng'rs, 446 F.3d 808, 813 (8th Cir. 2006) (citing Bennett v. Spear, 520 U.S. 154, 177-78 (1997) (quotations and citations omitted)). An agency action will be final for purposes of judicial review if the agency has issued "a definitive statement of its position, determining the rights and obligations of the parties." Id. (citing Bell v. New Jersey, 461 U.S. 773, 779-80 (1983)).

BLR Group has asserted facts that warrant judicial review by a federal district court but would need to amend its Complaint to assert a claim under the APA. BLR Group alleges that the Air Force has issued final decisions rejecting BLR Group's request to modify the CPAR evaluation and its publication in PPIRS. Final action by a federal agency, whether taken on a formal or an informal basis, ordinarily is reviewable in a federal district court under its general federal-question jurisdiction and the APA. See Record Steel, 62 Fed. Cl. at 520 (citing 28 U.S.C. § 1331 and 5 U.S.C. § 706(2)(A)-(D), respectively). Indeed, the court recognized in Record Steel that Congress provided a permissive alternative jurisdiction in the Court of Federal Claims to address claims for nonmonetary relief under the Contract Disputes Act that also happen to constitute claims for review in federal district court of final agency action. Id. (citing Harrison v. PPG Indus., Inc., 446 U.S. 578, 584-85 (1980)).

Further, while standing is presumed when a plaintiff is the subject of the government action, see Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992), BLR Group can amend its Complaint to allege its injury caused by the defective CPAR is actual and imminent. For example, a marginal performance rating is tantamount to a government contract suspension because a poor past performance record will preclude BLR Group from being awarded government contract work. The FAR directs that past performance is relevant for future source selection purposes. See 48 C.F.R. § 1501. Moreover, agencies are required to share past performance information with other departments and agencies when requested to support future award decisions. Id. at § 1503(c). While past performance is one factor considered by government agencies in awarding contracts, a negative CPAR will automatically put BLR Group at a disadvantage and will undoubtedly prevent an award from being made to BLR Group. Indeed, as BLR Group would assert in an amended complaint, it has already been declined an opportunity to participate as a subcontractor due to its defective CPAR. This injury will be redressed by a favorable decision because a corrected CPAR will provide government contracting officers an accurate assessment of BLR Group's past performance and allow BLR Group to compete without the stigma of the defective performance evaluation. Thus, the second element for transfer would be satisfied.

Finally, transfer of this case would be in the interest of justice. As the Court recognized in Millican, a transfer is "in the interest of justice" when it would avoid "unnecessary filing costs and undue delay." Millican, 2006 WL 5640829, at *16. Federal courts are given discretion to transfer cases where appropriate and are not limited to pro se plaintiffs or situations where an applicable statute of limitation has run. See, e.g., AGP, L.P. v. United States, 41 Fed. Cl. 607, 609 (1998) (finding that a delay of the plaintiffs' claim, who were represented by counsel, would

not serve the interest of justice); see also 17 Moore's Federal Practice § 111.52 ("Even if the statute of limitations would not bar the plaintiff from refiling the action in the correct court, transfer rather than dismissal may be in the interest of justice because it would save the plaintiff the time, expense and effort of having to refile the action."). The Court's transfer here would serve the interests of justice by affording BLR Group a forum to address its claims against the Air Force while avoiding unnecessary delay and expense.

Therefore, if the Court finds that it does not have subject matter jurisdiction over this case, BLR Group respectfully requests the Court allow BLR Group leave to amend its Complaint to assert a claim under the APA. Upon such an amendment, the three elements of 28 U.S.C. § 1631 would be satisfied and transfer to the United States District Court for the Southern District of Illinois would be appropriate.

## CONCLUSION

BLR Group has clearly set forth a legitimate claim for nonmonetary relief under the Contract Disputes Act and Record Steel. The Court therefore should deny the Air Force's motion. However, if the Court finds that it lacks subject matter jurisdiction, BLR Group respectfully requests that the Court grant it leave to amend its Complaint and then transfer the case to the United States District Court for the Southern District of Illinois.

Respectfully submitted,

/s/ Tim Noelker

Timothy F. Noelker
(Counsel of Record)
Linda L. Shapiro
Ryan K. Manger
THOMPSON COBURN LLP
One U.S. Bank Plaza
St. Louis, Missouri 63101
314-552-6000
FAX 314-552-7000

Thomas F. Hennessy, III, #01190156
GREENSFELDER, HEMKER & GALE, P.C.
12 Wolf Creek, Suite 100
Swansea, IL 62226
618-257-7308
FAX 618 257-7353

Attorneys for BLR Group of America, Inc.

DATED: July 25, 2008

CERTIFICATE OF FILING

I hereby certify that on this 25th day of July, 2008, a copy of the foregoing "BLR Group's Reply to Defendant's Supplemental Brief Regarding Motion to Dismiss" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

Tim Noelker

Timothy F. Noelker